NORTHERN PACIFIC RAILWAY COMPANY, Respondent, v. W. R. TUCKER, County Auditor of Cass County, Appellant.

(184 N. W. 983.)

**Counties — act construed as limiting total taxes to one-third of combined levies for years 1918-1920.**

Chap. 122, Session Laws of 1921, construed, concerning particular language, and, *held* to mean that the total amount of taxes levied for all purposes shall not exceed an amount equal to one-third of the total combined levies which were made for the years 1918, 1919, and 1920.

Opinion filed October 19, 1921.

Action in District Court, Cass County, *Cole,* J.

Defendant has appealed from an order and judgment of injunction.

Reversed.

*George E. Wallace,* for appellant.

*Young, Conmy & Young,* for respondent.

BRONSON, J. This is an action to enjoin the levy of certain taxes. The defendant has appealed from an order and judgment of injunction. The facts are stipulated. The material portions of chap. 122, Session Laws of 1921, read as follows:

"The total amount of taxes levied for any purpose, * * * shall not exceed an amount equal to one-third of the total combined levies which were made for the years 1918, 1919, and 1920."

One-third of the total county levy for Cass county, or the average during such years, is $423,230. The total levy in Cass county for 1921 is $392,289. One-third the bridge levy for Cass county, or the average during such years, is $57,600. For 1921, the commissioners of Cass county have made a bridge levy of $80,000. This alleged excess levy the plaintiff seeks to restrain. In effect, it contends that the quoted section means that the total amount of any tax levied for any purpose shall not exceed an amount equal to one-third of the total combined levies for such purpose in the years 1918, 1919, and 1920. In effect, the defendant contends that the section means that the total amount of taxes levied for all purposes shall not exceed an amount equal to one-third of the total of all levies made for the years 1918, 1919, and 1920. The plaintiff maintains that the language of the statute refers to specific statutory levies. The defendant claims that the statute deals with the total amount of the budget, and not with the individual items composing the budget. Upon processes of definitional analysis, the meaning of the statute does not appear clear. We are of the opinion, however, that the legislative intent may be fairly gleaned from the language used when considered in connection with cognate legislation. Reversing the language of the statute, it may be thus stated:

"One-third of the total combined levies for the years 1918, 1919, and 1920, shall be the limit of the total of taxes levied for any purpose."

If the words, "for any purpose," were eliminated, the meaning of the statute would appear clearer. If these words must be applied to a particular levy, such as a bridge tax, road tax, gopher tax, etc., or to a particular levy authorized by statute, then the statute is more restrictive than if otherwise applied to the total combined levies for all purposes. For instance, the total combined levies for Cass county for all purposes is within the limits prescribed by the statute. The particular bridge levy for Cass county is in excess of the limit. Again, if the statute be applied to a particular levy—even those limited or authorized by statute—it may be more

restrictive than if otherwise construed. For it might happen that, during the years 1918, 1919, and 1920, no levy for a particular purpose had been made at all, although authorized and limited by statute. Accordingly, the effect of the statute might be to abrogate the right to make any levy by reason of the failure during such years to make any levy. A legislative restriction upon a power or authority theretofore granted by legislation should not be imposed nor increased unless the legislative language and intent is clear so to do. Tax legislation enacted in 1919 changed methods of determining assessed value. Chap. 220, Laws 1919. These methods greatly enhanced assessed values. They operated to remove or far extend limitations (in amounts of moneys) upon levies as theretofore made by political subdivisions of the state. Accordingly, in a restrictive way, in 1919, a statute was also enacted (chap. 214, Laws 1919) which provides that the total amount of the taxes levied for any purpose for the years 1919 and 1920, etc., shall not exceed by more than 10 per cent. the amount that would be produced by the levy of the maximum rate upon the assessed valuation of 1918. Thereafter, the special session of the Legislative Assembly in 1919, re-enacted said chap. 214, and imposed, in addition, a penalty for its violation, and further enacted another statute reducing the levy and amount of state taxes 25 per cent. These acts serve to throw some light, though scant, upon legislative intent, concerning the levy and amount of taxes. The language of the statute speaks in terms of totals: "The total amount of taxes;" "the total combined levies." If a comma should be inserted after the word "taxes," the statute would read: "The total amount of taxes, levied for any purpose." Thus, the phrase, "levied for any purpose," considered in connection with the other language of the statute, might equally as well refer to an inclusive purpose or purposes; as to a particular purpose. We are of the opinion that no legislative intent can be deduced, either from the language used or, upon principles of construction, to abrogate the right to make a particular levy otherwise authorized by statute, as might occur under plaintiff's construction.

Accordingly, we are of the opinion that the language of the statute, considered in its entirety, and in connection with existing cognate legislation, was intended to apply to the total amount of the budget. In other words, the statute intends to mean as if it read: "The total amount of taxes, levied for all purposes of the political subdivision shall not exceed an amount equal to one third of the total combined levies," etc. No

constitutional questions have been presented or decided in this action. The action accordingly should have been dismissed.

It is so ordered, without costs.

CHRISTIANSON, ROBINSON, and BIRDZELL, JJ., concur.

·GRACE, C. J., concurs in the result.